IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **JAMAL LARGIE** | * |
| *Plaintiff* | * |
| v. | * |
| **DEPUTY JEFFREY GERRES, et al.** | * |
| | * Civil Action No.: 11-CV-02765-WDQ |
| *Defendants* | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Jamal Largie, by and through counsel, Anton L. Iamele and Iamele & Iamele, L.L.P. and Lawrence S. Greenberg and Greenberg Law Offices and who hereby sue the Defendants, Harford County Sherriff's Deputies Jeffrey Gerres, Tom Wehrle, Wilbert Adams, Christopher Tolliver, and Harford County Corporal David Kopp. Plaintiff hereby incorporates his original Complaint and Demand for Jury Trial for Monetary Damages for Violation of Plaintiff's Civil Rights as if fully restated herein. The instant amended pleading has been filed with the consent of counsel for the named defendants.[1] Plaintiff states as follows in support of this action:

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C §§1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States

---

[1] On or about January 23, 2012, the undersigned participated in a conference call with Senior Assistant County Attorney Michael G. Comeau and Assistant County Attorney Sean P. Carven wherein he sought consent for the filing of this amended pleading. Messrs. Comeau and Carven graciously agreed to offer their requested consent.

Constitution, and under law of the State of Maryland, against Harford County Sherriff's Deputies Jeffrey Gerres, Tom Wehrle, Wilbert Adams, Christopher Tolliver, and Harford County Corporal David Kopp. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the pendent jurisdiction of this Court to entertain claims arising under state law. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Abingdon, Maryland.

2. Notice of the claims advanced herein was provided in a manner that is consistent with the Maryland Tort Claims Act. On or about August 12, 2009, a certified letter detailing the claims herein was posted to Nancy Kopp, Treasurer for the State of Maryland. A reply letter was received from the Maryland State Treasurer on December 9, 2009, acknowledging receipt of the letter under the MTCA. The letter also informed Plaintiff that the matter had been referred to the Harford County Government for handling.

3. Notice of the claims advanced herein has also been provided in a manner that is consistent with Maryland's Local Government Tort Claims Act. On or about January 4, 2010, a certified letter detailing the claims advanced herein was posted to Richard S. McCord, Harford County Attorney. A Return Receipt shows the letter as having been received in the Harford County Attorney's Office on January 6, 2010. On or about January 4, 2010, a certified letter detailing the claims advanced herein was also posted to David R. Craig, Harford County Executive. A Return Receipt shows the letter as having been received in the Harford County Attorney's Office on January 6, 2010. In

conjunction with the filing of the instant suit counsel for the Plaintiff has supplemented the original letter by posting a second certified mailing which includes a claim for specific monetary damages.

4. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Plaintiff Jamal Largie, thereby violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as Articles 24 and 26 of the Maryland Declaration of Rights. It is further alleged herein that the individual police officer defendants battered the Plaintiff and otherwise utilized excessive and unwarranted force during the course of the seizure thereby inflicting grave permanent upon the Plaintiff.

**Parties**

5. Plaintiff Jamal Largie is, and was at all material times, a citizen of Maryland residing at 3428 Shrewsbury Rd. Abingdon, Maryland 21009.

6. At all times relevant to this Complaint, Defendant Gerres was a duly authorized agent, servant and/or employee of the Harford County Sheriff's Department working as a Deputy. At all times relevant to this Complaint, Defendant Gerres was acting within the scope and course of employment as a member of the Harford County Sheriff's Department. He is sued in this case both independently and in his official capacity.

7. At all times relevant to this Complaint, Defendant Tom Wehrle, was a duly authorized agent, servant and/or employee of the Harford County Sheriff's Department working as a Deputy. At all times relevant to this Complaint, Defendant Wehrle was acting within the scope and course of employment as a member of the Harford County

Sheriff's Department. He is sued in this case both independently and in his official capacity.

8. At all times relevant to this Complaint, Defendant Wilbert Adams was a duly authorized agent, servant and/or employee of the Harford County Sheriff's Department working as a Deputy. At all times relevant to this Complaint, Defendant Adams was acting within the scope and course of employment as a member of the Harford County Sheriff's Department. He is sued in this case both independently and in his official capacity.

9. At all times relevant to this Complaint, Defendant Christopher Tolliver was a duly authorized agent, servant and/or employee of the Harford County Sheriff's Department working as a Deputy. At all times relevant to this Complaint, Defendant Adams was acting within the scope and course of employment as a member of the Harford County Sheriff's Department. He is sued in this case both independently and in his official capacity.

10. At all times relevant to this Complaint, Defendant David Kopp was a duly authorized agent, servant and/or employee of the Harford County Sheriff's Department working as a Corporal. At all times relevant to this Complaint, Defendant Kopp was acting within the scope and course of employment as a member of the Harford County Sheriff's Department. He is sued in this case both independently and in his official capacity.

**Facts**

11. On or about July 29, 2009, a call was made to 911 about a suspicious van that was parked on Penthurst Court in Abingdon, Maryland.

12. Defendants Gerres and Wehrle responded to the scene, but before they arrived the 911 caller called back to inform police that the van had left the scene.

13. Defendants Gerres and Wehrle allegedly later saw Plaintiff exiting the 7-11 on Abingdon Road in his minivan, and mistakenly believed that it was the same van which was the subject of the 911 call. Defendants Gerres and Wehrle followed Plaintiff to his residence, a short distance from the 7-11. Plaintiff did not see the Defendants behind him and pulled into his driveway before he realized he was being followed.

14. Upon arrival at Plaintiff's residence, Defendants Gerres and Wehrle drew their weapons without provocation, and demanded Plaintiff and his companion exit the vehicle.

15. Plaintiff obeyed and acquiesced to this police directive. At no time did he resist the defendant officers' commands or act in a manner that was overtly threatening towards the defendant officers.

16. Upon exiting his vehicle, Plaintiff was taken to the ground by Defendant Gerres, who proceeded to kick and punch the Plaintiff while he was on the ground. Plaintiff Largie had not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive. It is the knowledge and belief of the Plaintiff, and therefore averred as fact, that this use of force was inconsistent with controlling General Orders, police training and the applicable Use of Force Continuum.

17. Defendants Tolliver and Adams arrived as back up and joined the fray with Wehrle (who had been guarding Plaintiff's companion but handed him off to another officer).  These three Deputies, along with Defendant Gerres continued to punch and kick the Plaintiff. Plaintiff Largie had not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive. It is the knowledge and belief of the Plaintiff, and therefore averred as fact, that this use of force was inconsistent with controlling General Orders, police training and the applicable Use of Force Continuum.

18.   At this point Defendant Kopp had arrived on the scene; he immediately deployed his x26 Taser on the Plaintiff.  While Plaintiff was still suffering from the effects of this attack Defendant Gerres struck him repeatedly with an ASP baton. Plaintiff Largie had not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive.  It is the knowledge and belief of the Plaintiff, and therefore averred as fact, that this use of force was inconsistent with controlling General Orders, police training and the applicable Use of Force Continuum.    18.   As a result of this vicious assault, the Plaintiff was clearly injured and in need of medical attention, as he had sustained severe facial fractures.  The police did not, however, call for an ambulance to attend to Plaintiff's wounds.

19.  While being held in police custody, Plaintiff received no medical assistance.

20. In connection with the incidents described herein, Defendant Gerres issued a Statement of Probable Cause and requested that the Plaintiff be charged with assault on a police officer, resisting arrest and failing to obey a lawful order.  Plaintiff Largie was

charged in accordance with this request in the matter of *State v. Jamal Largie*, Case No. 1R00070309.  The case was called for trial which lasted multiple months.  On October 19, 2010, during trial, the State elected to place the charges of assault on a police officer and resisting arrest on the stet docket in exchange for the Plaintiff to plead guilty to failing to obey a lawful order of the police by not pulling his vehicle over on Abingdon Road.  The Judge entered a disposition of Probation before Judgment on this charge.

## **COUNT I-BATTERY**
**(Plaintiff Largie v. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp)**

21 Plaintiff Largie hereby incorporates Paragraphs 1-20  as if fully restated herein.

22.  Plaintiff Largie asserts that Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp engaged in intentional acts of unlawful conduct with the Plaintiff such that the Plaintiff sustained serious and permanent injuries.

23.  Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp utilized unreasonable, unlawful, and excessive force by, among other things, striking the Plaintiff, throwing the Plaintiff against the ground and fixed objects, and kicking the Plaintiff before and after he was restrained in handcuffs.

24.  Plaintiff Largie in no way consented to the described contact by Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp; in no way provoked, contributed, or in any way presented just or reasonable cause for Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp to act as they

did; and did nothing to contribute to the unlawful touching that Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp inflicted upon him.

25. The conduct of the Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp was without legal justification and was improperly motivated by ill will and actual malice.

26. As a direct proximate result of the battery perpetrated by Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp, Plaintiff Largie sustained significant injuries, medical bills, psychological damages and additional economic injuries. Plaintiff Largie also suffered additional injuries which are not expressly enumerated herein.

## COUNT II: VIOLATION OF 42 U.S.C. 1983-FOURTH AND FOURTEENTH AMENDMENTS
### (Direct liability by Plaintiff Largie v. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp)

27. Plaintiff Largie hereby incorporates Paragraphs 1-26 as if fully restated herein.

28. At all times relevant to this Complaint, Plaintiff Largie had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, detained in an unreasonable manner; not to be deprived of his liberty without due process of law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

29. At all times relevant herein, Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp were acting under the color of State and local law

and as members of the Harford County Sherriff's Department. Their conduct therefore triggers 42 U.S.C. §1983.

30. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp actions and omissions deprived Plaintiff Largie of his clearly established and well-settled Constitutional rights.

31. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp knowingly acted to deprive the Plaintiff of his Constitutional rights maliciously and with reckless disregard. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp also conspired with other members of the Harford County Sherriff's Department, who were present on the scene, to act in an unlawful manner that would violate the Plaintiff's Constitutional rights.

### COUNT III: VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS ESTABLISHED BY WAY OF ARTICLES 24 AND 26
### (Plaintiff Largie v. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp)

32. Plaintiff Largie hereby incorporates Paragraph 1-31 as if fully restated herein.

33. As a direct proximate result of the actions and omissions of the Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp described herein, all of which were committed under the color of their authority as members of the Harford County Sherriff's Department and while acting in the capacity of duly authorized police officers, Plaintiff was deprived of certain "State rights" established by way of the Maryland Declaration of Rights, including but not limited to Articles 24 and 26 of the Maryland Declaration of Rights.

34. As a result of the above-described acts attributed to Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp and their ongoing conspiracy, Plaintiff was deprived of rights and immunities secured to him under the Maryland Declaration of Rights: in particular, his rights to the security of his person and freedom from arrest except upon probable cause, as well as his right not to be deprived of liberty without due process of law.  Furthermore, the Plaintiff was deprived of his State right not to be subjected to excessive force during the course of an ongoing arrest.

35. As a direct consequence in result of the actions and omissions of the Defendants described herein, the Plaintiff was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

### COUNT IV-CIVIL CONSPIRACY
### (Plaintiff Largie v. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp)

36. Plaintiff Largie hereby incorporates Paragraphs 1-35 as if fully restated herein.

37.  Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp conspired amongst themselves and with other members of the Harford County Sherriff's Department who were present on the scene and agreed to detain and act to manufacture the circumstances giving rise to the prolonged beating of Plaintiff Largie.

38. Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp further conspired with the other members of the Harford County

Sherriff's Department who were present on the scene and reached an agreement to obfuscate their errant and unconstitutional behavior.

39. The ongoing course of action by Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp and the other officers who were present on the scene were concerted actions designed to create a situation where the excessively vicious conduct toward the Plaintiff would be considered reasonable and/or attributed to someone other than the responsible police officers.

40. Plaintiff has suffered significant injuries and damages as a result of the Defendants' conspiracy.

WHEREFORE, Plaintiff Jamal Largie hereby requests that this Honorable Court:

(A) Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp;

(B.) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Deputies Gerres, Wehrle, Adams, Tolliver, and Defendant Corporal Kopp;

(C.) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §1988; and

(D.) Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____/s/_____
Anton L. Iamele, Federal Bar No.: 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Fax)
Aiamele@iamelelaw.com
*Attorney for Plaintiff*




GREENBERG LAW OFFICES



_____/s/_____
Lawrence S. Greenberg, Federal Bar No.: 23642
6 East Biddle Street
Baltimore, Maryland 21202
410-539-5250 (Telephone)
larry@greenberglawyers.com
*Attorney for Plaintiff*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

                                                           _____/s/_____
                                                           Anton L. Iamele, Federal Bar No.: 14845

## **CERTIFICATE OF SERVICE**

This is to certify that on Wednesday, January 25, 2012, a true and correct copy of the Plaintiff's First Amended Complaint was sent by this Court's Electronic Filing System and by first-class, prepaid U.S. Mail to Counsel of record:

    Michael G. Comeau, Senior Assistant County Attorney
    Sean P. Carven, Assistant County Attorney
    Harford County Department of Law
    220 South Main Street
    Bel Air, Maryland 21014

                                                           _____/s/_____
                                                           Anton L. Iamele, Federal Bar No.: 14845